IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KATRINA A.S. HAIGES, | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| DICKINSON COUNTY, KANSAS | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Katrina A.S. Haiges (hereinafter "Plaintiff"), by and through her undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis and for her causes of action against Defendant, Dickinson County, Kansas Sheriff's Department (hereinafter "Defendant"), states the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual currently residing in Sheboygan County, Wisconsin. At all times plead herein, Plaintiff was a resident of Dickinson County, Kansas.

2. Defendant is a local governmental agency doing business in Kansas within the boundaries of Dickinson County, Kansas. This Defendant may be served with process pursuant to statutory requirements in Dickinson County, Kansas.

3. This action arises under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination related to various sections including employment, discrimination, retaliation, harassment, attorney's fees, and compensatory and punitive damages.

4. For the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

1

5.      For the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is subject to the Court's personal jurisdiction within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 6 as if fully set forth herein.

8.      Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against the Defendant on or about September 20, 2021. The complaints were dual filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").

9.      Plaintiff was issued her Notice of Right to Sue letter by the United States Equal Employment Opportunity Commission on or about dated August 18, 2022.

10.     Plaintiff's claims herein were subject to the KHRC/EEOC investigation referenced above.

11.     Plaintiff has exhausted her administrative remedies pursuant to 29 C.F.R. 1601, *et. seq*. or any other rule, law, statute, or regulation.

12.     Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

13.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 12 as if fully set forth herein.

14.     Plaintiff was hired by Defendant as a corrections officer in approximately August 2019.

15. While working for Respondent, Claimant worked in a subordinate position to an individual named Connie Jaderborg (hereinafter "Ms. Jaderborg").

16. While working for Defendant, Plaintiff began experiencing sexual harassment at the hands of an inmate incarcerated in the custody of Defendant.

17. On or about October 3, 2019, Plaintiff warned the inmate that if he did not cease his behavior, Plaintiff would complain about his behavior to Defendant and local law enforcement. In response, the inmate stated that he would have Ms. Jaderborg terminate Plaintiff's employment.

18. Soon thereafter, Ms. Jaderborg began treating Plaintiff differently, more closely scrutinizing her work, and subjecting Plaintiff to a hostile work environment.

19. In November 2019, Plaintiff complained to her supervisory staff regarding the treatment and discrimination from both the inmate and Ms. Jaderborg.

20. On December 9, 2019, Defendant abruptly placed Plaintiff on administrative leave without pay until December 17, 2019.

21. Upon her return to work, Defendant placed Plaintiff on a performance improvement plan and informed Plaintiff she would not be receiving an expected county-wide raise.

22. Upon her return to work for Defendant, Plaintiff continued to experience sexual harassment at the hands of the inmate and discriminatory and retaliatory treatment from Ms. Jaderborg. However, in an effort to avoid being further punished, Plaintiff ceased complaining about said behavior to her superiors.

23. Then, in January 2021, Plaintiff learned that a letter containing sexually explicit material about her had been circulated around the jail by inmates and confiscated by Defendant employees.

24. Plaintiff raised this issue to her superiors, including Ms. Jaderborg, who proceeded to instruct her to not raise the issue of sexual harassment again and if she did, she would be "written up."

25. On or about February 5, 2021, less than one month after her complaints of sexual harassment, Plaintiff was abruptly placed on administrative leave.

26. On or about February 22, 2021, Defendant terminated Plaintiff's employment in an act of discrimination and retaliation related to the hostile work environment and Defendant's failure to intervene, all in violation of her state and federal rights prescribed by Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination.

27. The unlawful behavior of the inmate, Ms. Jaderborg, and Defendant spanning from approximately 2019 until 2021 falls under the continuing course of conduct doctrine adopted by this Court in *Martin v. Nannie & Newborns*, 3 F.3d 1410, 1415 (10th Cir. 1993).

28. Plaintiff is a twenty-six-year-old female.

29. Plaintiff was not terminated for cause and the termination was in bad faith, based in discrimination, and in retaliation, as described throughout this complaint.

30. Defendant is a qualified covered entity under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, as Defendant engages in commerce and has more than fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

31. Plaintiff was terminated in close temporal proximity to reporting multiple instances of sexual harassment by a male inmate and instances of retaliation by a superior on to Plaintiff, which occurred on the basis of sex.

32. Plaintiff complained to supervisors and persons with authority at Defendant's workplace on multiple occasions asking that such harassment, discrimination, and retaliation based on sex cease and stop.

33. Defendant took no action to intervene or prevent the harassment and discrimination taking place at Defendant's workplace based on sex.

34. Defendant terminated Plaintiff due to her complaints regarding the harassment by a male inmate on to Plaintiff, which occurred on the basis of sex, an act of retaliation by Defendant.

35. The termination described through this complaint was discriminatory and also in retaliation for reporting this aforementioned discrimination, retaliation, and harassment due to sex.

**COUNT I – HARASSMENT ON THE BASIS OF SEX RESULTING IN A HOSTILE WORK ENVIRONMENT CONSTITUTING DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KANSAS ACT AGAINST DISCRIMINATION**

36. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff was subject to unwanted harassment on the basis of her sex by a male inmate that was severe or pervasive enough to alter the conditions of Plaintiff's employment and created an abusive working environment.

38. Plaintiff began experiencing sexual harassment by a male inmate when the inmate would ask intimate and inappropriate questions related to Plaintiff's personal life.

39. Plaintiff began experiencing sexual harassment by a male inmate when the inmate would tell Plaintiff the sexual acts he desired to inflict on her.

40. Plaintiff began experiencing sexual harassment by a male inmate when the inmate would call Plaintiff by sexual and derogatory names.

41. Plaintiff began experiencing sexual harassment by a male inmate when the inmate wrote and circulated a letter containing sexually explicit material about Plaintiff.

42. This treatment was extremely unwelcome, physically threatening, embarrassing, humiliating, was ongoing in nature, and due to Plaintiff's sex.

43. The sexual harassment by the male inmate took place at Defendant's workplace during Plaintiff's designated worktimes while both Plaintiff and the inmate were under the control and direction of Defendant.

44. Plaintiff complained to appropriate members of her supervision about the harassment she was experiencing by the male inmate.

45. Defendant herein this case had knowledge of the sexual harassment toward Plaintiff, as evidenced by Plaintiff's multiple complaints to Defendant referencing the behavior.

46. Defendant failed to take any meaningful action to prevent or cease the sexual harassment by the male inmate and negligently and recklessly failed to recognize and deal with the harassment.

47. Defendant has failed to properly train their supervisors concerning their duties and obligations under civil rights laws, including Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination.

48. Defendant's discriminatory conduct herein this case maliciously or recklessly violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, and such a violation is sufficient to warrant an award of punitive damages.

49. As a direct and proximate result of all of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

50. Plaintiff is entitled to attorney's fees as provided in Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count I of Plaintiff's Complaint, finding that she was subject to ongoing sexual harassment constituting a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

### COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KANSAS ACT AGAINST DISCRIMINATION

51. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 50 above as if fully set forth herein.

52. Plaintiff engaged in protected activity protected by Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination by opposing discrimination and bringing her complaints before Defendant's supervisory staff.

53. Subsequent to and as a result of Plaintiff engaging in protected activity, Plaintiff's supervisor began retaliating against Plaintiff by treating her differently, more closely scrutinizing her work, and subjecting Plaintiff to a hostile work environment.

54. Subsequent to and as a result of Plaintiff engaging in protected activity, Defendant placed Plaintiff on unpaid administrative leave in an act of retaliation.

55. Subsequent to and as a result of Plaintiff engaging in protected activity, Defendant terminated Plaintiff's employment in an act of retaliation.

56. Defendant did not take Plaintiff's complaints in good faith, and instead retaliated against such complaints, discriminated against Plaintiff on the basis of her sex, including refusal to intervene in the hostile work environment and ultimately terminating Plaintiff's employment.

57. Defendant terminated Plaintiff in retaliation for Plaintiff exercising her legally protected opposition to a workplace ridden with discrimination against her sex.

58. Defendant terminated Plaintiff in retaliation to Plaintiff objecting to a workplace dominated by harmful and incessant discrimination toward Plaintiff.

59. Defendant herein this case failed to take reasonable steps to protect Plaintiff from retaliation.

60. Defendant herein failed to properly train its supervisors concerning their duties and obligations under civil rights laws, including Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination.

61. Defendant's conduct herein maliciously or recklessly violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination and such a violation is sufficient to warrant an award of punitive damages.

62. As a direct and proximate result of Defendant's actions and retaliation herein, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

63. Plaintiff is entitled to attorney's fees for this retaliation, requiring the bringing of this claim as provided in Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, and for the fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count II of her Complaint, finding that Plaintiff was terminated in retaliation for opposing

discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

## DAMAGES

64. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 63 above as if full set forth herein.

65. Defendant herein discriminated against Plaintiff on the basis of her sex with malice and reckless indifference as to the legally protected rights of the Plaintiff.

66. As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other non-monetary damages.

67. Defendant has more than fifteen but less than one hundred employees.

68. Plaintiff prays for compensatory and punitive damages in the amount of $50,000.00, as Defendant employs more than fifteen but less than one hundred employees.

69. Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits and interest incurred.

70. Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

71. Plaintiff prays for damages in the amount of reasonable attorney's fees.

72. Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

73. Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by Title VII of the Civil Rights Act of 1964 and the Kansas Act Against

Discrimination or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on all Counts of her Complaint, finding that Plaintiff was terminated in an act of discrimination and in an act of retaliation for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination. Plaintiff prays for an award of compensatory and punitive damages in the amount of $50,000.00, an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
BRUCE ALAN. BRUMLEY, #16066
CHLOE E. DAVIS, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
(785) 267-3367
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

**DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury on all of these issues in the above-captioned case.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
BRUCE A. BRUMLEY, #16066
CHLOE E. DAVIS, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
(785) 267-3367
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com